Michael Kind, Esq.
Nevada Bar No.: 13903
**KIND LAW**
8860 South Maryland Parkway, Suite 106
Las Vegas, Nevada 89123
(702) 337-2322
(702) 329-5881 (fax)
mk@kindlaw.com

George Haines Esq.
Nevada Bar No. 9411
Gerardo Avalos Esq.
Nevada Bar No. 15171
**FREEDOM LAW FIRM**
8985 S. Eastern Ave., Suite 350
Las Vegas, Nevada 89123
(702) 880-5554
(702) 385-5518 (fax)
Ghaines@freedomlegalteam.com
*Counsel for Plaintiff Kathleen Spain*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| Kathleen Spain,<br>　　　　　Plaintiff,<br> v.<br>Equifax Information Services LLC;<br>Backgroundchecks.com LLC;<br>Experian Information Solutions, Inc.;<br>Bank of America, N.A.; Specialized<br>Loan Servicing LLC; and Trans Union<br>LLC.<br>　　　　　Defendants. | Case No.:<br><br>**Complaint for damages under the FCRA, 15 U.S.C. § 1681** |

**Introduction**

1. The United States Congress has found the banking system is dependent up-on fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), to ensure fair and accurate re-porting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. The FCRA protects consumers through a tightly wound set of procedural protections from the material risk of harms that otherwise flow from inaccurate reporting. Thus, through the FCRA, Congress struck a balance between the credit industry's desire to base credit decisions on accurate information, and consumers' substantive right to protection from damage to reputation, shame, mortification, and the emotional distress that naturally follows from inaccurate reporting of a consumer's fidelity to his or her financial obligations.

3. Kathleen Spain ("Plaintiff"), by counsel, brings this action to challenge the actions of Equifax Information Services LLC ("Equifax"); Backgroundchecks.com LLC ("Backgroundchecks"); Experian Information Solutions, Inc. ("Experian"); Bank of America, N.A. ("Bank of America"); Specialized Loan Servicing LLC ("Specialized Loan Servicing") and Trans Union LLC ("Transunion") (jointly as "Defendants"), with regard to erroneous

reports of derogatory credit information to national reporting agencies and Defendants' failure to properly investigate Plaintiff's disputes.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendants took place in Nevada.

7. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

8. Defendants failed to properly investigate Plaintiff's disputes, damaging Plaintiff's creditworthiness.

**Jurisdiction and Venue**

9. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 (federal question jurisdiction); 15 U.S.C. § 1681.

10. This action arises out of Defendants' violations of the FCRA.

11. Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b) because Plaintiff is a resident of Clark County, Nevada and because Defendants are subject to personal jurisdiction in Clark County, Nevada as they conduct business here. Venue is also proper because the conduct giving rise to this action occurred in Nevada. 28 U.S.C. § 1391(b)(2).

**Parties**

12. Plaintiff is a natural person living in Clark County, Nevada. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

13. Defendants are each a corporation doing business in the State of Nevada.

14. Bank of America and Specialized Loan Servicing are furnishers of information as contemplated by 15 U.S.C. § 1681s-2(b) that regularly and in the ordinary course of business furnish information to a consumer credit reporting agency.

15. Experian, Backgroundchecks, Equifax and Transunion  regularly assemble and/or evaluate consumer credit information for the purpose of furnishing consumer reports to third parties and use interstate commerce to prepare and/or furnish the reports. These entities are "consumer reporting agencies" as that term is defined by 15 U.S.C. §1681a(f).

16. Unless otherwise indicated, the use of Defendants' names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the named Defendants.

## — GENERAL ALLEGATIONS —

### Re: Bankruptcy Case No. 17-11160

17. On or about Mar 13, 2017, Plaintiff filed for bankruptcy in the United States bankruptcy Court for the District of Nevada pursuant to 11 U.S.C. §1301 et seq. (the "bankruptcy").

18. On Dec 6, 2017, Plaintiff's Chapter 13 Plan was confirmed (the "Confirmed Chapter 13 Plan" or "Confirmation Order").

19. A confirmed plan constitutes a new contract between the debtor and creditors and a creditor's rights are defined by the confirmed plan. Consequently, a pre-petition claim provided for in a confirmed plan is no longer a pre-petition claim. The claim is a right to payment arising from the confirmed plan. Padilla v. Wells Fargo Home Mortg., Inc. (In re Padilla), 379 B.R. 643, 649, 2007 Bankr. LEXIS 2655, *1 (Bankr. S.D. Tex. 2007).

20. Plaintiff made all payments required under the terms of the Confirmed Chapter 13 plan.

21. The accounts named herein (as applicable) were not included in Plaintiff's bankruptcy.

22. Plaintiff made payments on the accounts named herein (as applicable) outside of bankruptcy.

23. However, Defendants either reported or caused to be reported inaccurate information as discussed below.

24. Additionally, Defendants' inaccurate reporting did not comply with the Consumer Data Industry Association's Metro 2 reporting standards, which provides guidance for credit reporting and FCRA compliance.

25. The Consumer Data Industry Association ("CDIA") publishes the Metro 2 ("Metro 2") reporting standards to assist furnishers with their compliance requirements under the FCRA.

26. Courts rely on such guidance to determine furnisher liability. *See, e.g., In re Helmes*, 336 B.R. 105, 107 (Bankr. E.D. Va. 2005) (finding that "industry standards require that a debt discharged in bankruptcy be reported to a credit reporting agency with the notation `Discharged in bankruptcy' and with a zero balance due").

27. On information and belief, Defendants adopted and at all times relevant implemented the Metro 2 format.

28. On information and belief, each furnisher named herein adopted the Metro 2 reporting standards and at all times relevant implemented the Metro 2 format as an integral aspect of their respective duties under the FCRA to have in place adequate and reasonable policies and procedures to handle investigations of disputed information.

29. Each furnisher named herein failed to conform to the Metro 2 Format when reporting on Plaintiff's accounts after Plaintiff filed bankruptcy as further set forth below.

30. In turn, each of the credit reporting agencies named herein, reported and re-reported the inaccurate information, thus violating their duty to follow reasonable procedures to assure maximum possible accuracy under 15 U.S.C. § 1681e(b) when preparing a consumer report.

31. To this end, the adverse reporting on Plaintiff's consumer report departed from the credit industry's own reporting standards and was not only inaccurate, but also materially misleading under the CDIA's standards as well.

32. A "materially misleading" statement is concerned with omissions to credit entries, that in context create misperceptions about otherwise may be factually accurate data. *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009).

### — THE EQUIFAX VIOLATIONS —

**Equifax, Specialized Loan Servicing, and Bank of America**

**Misreported Consumer Information and Failed to Investigate**

**Plaintiff's Dispute Re: Specialized Loan Servicing Account No. ****1577;**

**Bank of America Account No. ****4899; and Incorrect Personal Information**

33. In Plaintiff's consumer report from Equifax dated Jun 15, 2021, Equifax and Specialized Loan Servicing reported the following errors regarding Plaintiff's Account (****1577): Included in chapter 13; Delinquency first reported: Mar 01, 2017. This was inaccurate, misleading, and derogatory because Specialized Loan Servicing didn't have Plaintiff's account at that time, Plaintiff was never late on payments to this account, and the account was not included in Plaintiff's bankruptcy.

34. Additionally, in Plaintiff's consumer report from Equifax dated Jun 15, 2021, Equifax and Bank of America reported the following errors regarding Plaintiff's Account (****4899): Included in chapter 13. This was inaccurate, misleading, and derogatory because this account was not included in Plaintiff's bankruptcy.

35. Further, in Plaintiff's consumer report from Equifax dated Jun 15, 2021, Equifax reported the following address: 8985 S. Eastern Ave., suite 350, Las Vegas, NV 89123. This was inaccurate, misleading, and derogatory because Plaintiff has never lived at, or owned, this address.

36. Finally, in Plaintiff's consumer report from Equifax dated Jun 15, 2021, Equifax reported an inquiry dated Jul 12, 2019 from Banco Popular De Puerto Rico. This was innacurate, misleading, and derogatory because Plaintiff has never been to Puerto Rico or applied for any credit or loans from this entity.

37. On Jul 1, 2021, Plaintiff disputed the inaccurate reporting pursuant to 15 U.S.C. § 1681i, by notifying Equifax, in writing, of the inaccurate, misleading, and derogatory information.

38. Specifically, Plaintiff sent a letter, certified, return receipt, to Equifax, requesting the above inaccurate information be updated, modified, or corrected.

39. Equifax was required to conduct a reinvestigation into the disputed information on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

40. Upon information and belief, Equifax timely notified Specialized Loan Servicing and Bank of America regarding Plaintiff's dispute, as required under 15 U.S.C. § 1681i(a)(2).

41. Upon information and belief, Equifax provided Specialized Loan Servicing and Bank of America with a notice regarding Plaintiff's dispute under 15 U.S.C. § 1681i(a)(5)(A).

42. Upon information and belief, Equifax provided all relevant information to Specialized Loan Servicing and Bank of America regarding Plaintiff's dispute, as required under 15 U.S.C. § 1681i(a)(2).

43. On or around Aug 3, 2021, Plaintiff received notice that Equifax, Specialized Loan Servicing, and Bank of America investigated and reinvestigated Plaintiff's dispute, as required under 15 U.S.C. § 1681i(a)(6).

44. A reasonable investigation by Equifax, Specialized Loan Servicing, and Bank of America would have determined that they were reporting the above disputed information inaccurately.

45. Equifax, Specialized Loan Servicing, and Bank of America failed to review all relevant information provided by Plaintiff in Plaintiff's dispute, as required by and in violation of 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

46. Upon information and belief, Specialized Loan Servicing and Bank of America continued to report the inaccurate information.

47. In turn, Equifax re-reported the inaccurate information, thus violating its duty to follow reasonable procedures to assure maximum possible accuracy under 15 U.S.C. § 1681e(b) when preparing a consumer report.

48. Equifax, Specialized Loan Servicing, and Bank of America, upon receipt of Plaintiff's dispute, failed to conduct an investigation or reinvestigation with respect to the disputed information as required by 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

49. Due to Equifax's, Specialized Loan Servicing's, and Bank of America's failure to reasonably investigate, they further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

50. Equifax's, Specialized Loan Servicing's, and Bank of America's continued inaccurate, misleading, and derogatory reporting was knowing and willful, in light of their knowledge of the actual error. Plaintiff is, accordingly, eligible for statutory damages.

51. Also as a result of Equifax's, Specialized Loan Servicing's, and Bank of America's continued inaccurate, misleading, and derogatory reporting, Plaintiff has suffered actual damages, including without limitation, fear of credit denials,

out-of-pocket expenses in challenging the inaccurate reporting, damage to Plaintiff's creditworthiness, and emotional distress.

52. By inaccurately reporting consumer information after notice and confirmation of their errors, Equifax, Specialized Loan Servicing, and Bank of America failed to take the appropriate measures as required under 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

## — THE BACKGROUNDCHECKS VIOLATIONS —

### Backgroundchecks Misreported Consumer Information

### Re: Reporting Criminal Records Not Belonging to Plaintiff

53. In Plaintiff's consumer report from Backgroundchecks dated Jun 29, 2021, Backgroundchecks inaccurately reported a criminal record not belonging to Plaintiff, which was inaccurate, misleading, and derogatory.

54. On or about Aug 6, 2021, Plaintiff disputed the inaccurate reporting pursuant to 15 U.S.C. § 1681i(a)(2), by notifying Backgroundchecks, in writing, of the inaccurate, misleading, and derogatory information.

55. Specifically, Plaintiff sent a letter on Aug 6, 2021, certified, return receipt, to Backgroundchecks, requesting the above inaccurate information be corrected or removed.

56. Backgroundchecks was required to conduct an investigation into the disputed information on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

57. Plaintiff never received any notification from Backgroundchecks that Backgroundchecks investigated or reinvestigated Plaintiff's dispute, as required under 15 U.S.C. § 1681i(a)(6).

58. Backgroundchecks failed to review all relevant information provided by Plaintiff in Plaintiff's dispute, as required by and in violation of 15 U.S.C. § 1681i.

59. Backgroundchecks continued to report and re-report the inaccurate information,

thus violating its duty to follow reasonable procedures to assure maximum possible accuracy under 15 U.S.C. § 1681e(b) when preparing a consumer report.

60. Backgroundchecks, upon receipt of Plaintiff's dispute, failed to conduct a reasonable investigation as required by 15 U.S.C. § 1681i.

61. A reasonable investigation by Backgroundchecks would have discovered that the information it was reporting was reporting was inaccurate, misleading, and derogatory.

62. Due to the failure by Backgroundchecks to reasonably investigate, it further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681i, thereby causing continued reporting of inaccurate information in violation of the FCRA.

63. Plaintiff's continued efforts to correct the inaccurate, misleading, and derogatory reporting by communicating Plaintiff's dispute with Backgroundchecks was fruitless.

64. Backgroundchecks' continued inaccurate and negative reporting was knowing and willful because it had knowledge of the actual error. Plaintiff is, accordingly, eligible for statutory damages.

65. Also as a result of the continued inaccurate, misleading, and derogatory reporting by Backgroundchecks, Plaintiff has suffered actual damages, including without limitation, fear of credit denials, out-of-pocket expenses in challenging the inaccurate reporting, damage to Plaintiff's creditworthiness and emotional distress.

66. By reporting inaccurate consumer information after notice and confirmation of its errors, Backgroundchecks failed to take the appropriate measures as required under 15 U.S.C. §§ 1681i.

///

**— THE EXPERIAN VIOLATIONS —**

**Experian, Specialized Loan Servicing, and Bank of America**

**Misreported Consumer Information and Failed to Investigate Plaintiff's**

**Dispute Re: Specialized Loan Servicing Account No. ****1976;**

**Bank of America Account No. ****1810; and Incorrect Personal Information**

67. In Plaintiff's consumer report from Experian dated Jun 15, 2021, Experian, and Specialized Loan Servicing inaccurately reported the following errors regarding Plaintiff's Account (****1976): Discharged through bankruptcy chapter 13. This was inaccurate, misleading, and derogatory because this account was not included in Plaintiff's bankruptcy.

68. Additionally, in Plaintiff's consumer report from Experian dated Jun 15, 2021, Experian, and Bank of America inaccurately reported the following errors regarding Plaintiff's Account (****1810): Discharged through bankruptcy chapter 13.  This was inaccurate, misleading, and derogatory because this account was not included in Plaintiff's bankruptcy.

69. Further, in Plaintiff's consumer report from Experian dated Jun 15, 2021, Experian reported the following addresses: 8985 S. Eastern Ave Ste350, Las Vegas, NV 89123; 9327 Reynard CT. Riverside, CA 92508. This was inaccurate, misleading, and derogatory because Plaintiff has never lived at, or owned, either of these addresses.

70. Also, in Plaintiff's consumer report from Experian dated Jun 15, 2021, Experian reported Plaintiff's name as: Kathleen N Spain. This was inaccurate, misleading, and derogatory because that is not the correct spelling of Plaintiff's name.

71. Finally, in Plaintiff's consumer report from Experian dated Jun 15, 2021, Experian reported the last four digits of Plaintiff's social security number as: ****6211. This was inaccurate, misleading, and derogatory because that is not Plaintiff's correct social security number.

72. On Jul 1, 2021, Plaintiff disputed the inaccurate reporting pursuant to 15 U.S.C. § 1681i, by notifying Experian, in writing, of the inaccurate, misleading, and derogatory information.

73. Specifically, Plaintiff sent a letter, certified, return receipt, to Experian, requesting the above inaccurate information be updated, modified, or corrected.

74. Experian was required to conduct a reinvestigation into the disputed information on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

75. Upon information and belief, Experian timely notified Specialized Loan Servicing and Bank of America regarding Plaintiff's dispute, as required under 15 U.S.C. § 1681i(a)(2).

76. Upon information and belief, Experian provided Specialized Loan Servicing and Bank of America with a notice regarding Plaintiff's dispute under 15 U.S.C. § 1681i(a)(5)(A).

77. Upon information and belief, Experian provided all relevant information to Specialized Loan Servicing and Bank of America regarding Plaintiff's dispute, as required under 15 U.S.C. § 1681i(a)(2).

78. On or around Jul 20, 2021, Plaintiff received notice that  Experian, Specialized Loan Servicing and Bank of America investigated and reinvestigated Plaintiff's dispute, as required under 15 U.S.C. § 1681i(a)(6).

79. A reasonable investigation by  Experian, Specialized Loan Servicing, and Bank of America would have determined that they were reporting the above disputed information inaccurately.

80. Experian, Specialized Loan Servicing, and Bank of America failed to review all relevant information provided by Plaintiff in Plaintiff's dispute, as required by and in violation of 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

81. Upon information and belief, Specialized Loan Servicing and Bank of America continued to report the inaccurate information.

82. In turn, Experian re-reported the inaccurate information, thus violating its duty to follow reasonable procedures to assure maximum possible accuracy under 15 U.S.C. § 1681e(b) when preparing a consumer report.

83. Experian, Specialized Loan Servicing, and Bank of America, upon receipt of Plaintiff's dispute, failed to conduct an investigation or reinvestigation with respect to the disputed information as required by 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

84. Due to Experian's, Specialized Loan Servicing's, and Bank of America's failure to reasonably investigate, they further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

85. Experian's, Specialized Loan Servicing's, and Bank of America's continued inaccurate, misleading, and derogatory reporting was knowing and willful, in light of their knowledge of the actual error. Plaintiff is, accordingly, eligible for statutory damages.

86. Also as a result of Experian's, Specialized Loan Servicing's, and Bank of America's continued inaccurate, misleading, and derogatory reporting, Plaintiff has suffered actual damages, including without limitation, fear of credit denials, out-of-pocket expenses in challenging the inaccurate reporting, damage to Plaintiff's creditworthiness, and emotional distress.

87. By inaccurately reporting consumer information after notice and confirmation of their errors, Experian, Specialized Loan Servicing, and Bank of America failed to take the appropriate measures as required under 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

///

— **THE TRANSUNION VIOLATIONS** —

**Transunion, Specialized Loan Servicing, and Bank of America Misreported**

**Consumer Information and Failed to Investigate Plaintiff's Dispute**

**Re: Specialized Loan Servicing Account No. ****1976;**

**Bank of America Account No. ****0631; and Incorrect Personal Information**

88.  In Plaintiff's consumer report from Transunion dated Jun 22, 2021, Transunion, and Specialized Loan Servicing inaccurately reported the following errors regarding Plaintiff's Account (****1976): Discharged through bankruptcy chapter 13.   This was inaccurate, misleading, and derogatory because this account was not included in Plaintiff's bankruptcy.

89.  Additionally, in Plaintiff's consumer report from Transunion dated Jun 22, 2021, Transunion, and Bank of America inaccurately reported the following errors regarding Plaintiff's Account (****0631): Discharged through bankruptcy chapter 13. This was inaccurate, misleading, and derogatory because this account was not included in Plaintiff's bankruptcy.

90.  On Nov 3, 2021, Plaintiff disputed the inaccurate reporting pursuant to 15 U.S.C. § 1681i, by notifying Transunion, in writing, of the inaccurate, misleading, and derogatory information.

91.  Specifically, Plaintiff sent a letter, certified, return receipt, to Transunion requesting the above inaccurate information be updated, modified, or corrected.

92.  Transunion was required to conduct a reinvestigation into the disputed information on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

93.  Upon information and belief, Transunion timely notified Specialized Loan Servicing and Bank of America regarding Plaintiff's dispute, as required under 15 U.S.C. § 1681i(a)(2).

94.  Upon information and belief, Transunion provided Specialized Loan Servicing and Bank of America with a notice regarding Plaintiff's dispute under 15 U.S.C. § 1681i(a)(5)(A).

95. Upon information and belief, Transunion provided all relevant information to Specialized Loan Servicing and Bank of America regarding Plaintiff's dispute, as required under 15 U.S.C. § 1681i(a)(2).

96. A reasonable investigation by  Transunion, Specialized Loan Servicing, and Bank of America would have determined that they were reporting the above disputed information inaccurately.

97. Transunion, Specialized Loan Servicing, and Bank of America failed to review all relevant information provided by Plaintiff in Plaintiff's dispute, as required by and in violation of 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

98. Upon information and belief, Specialized Loan Servicing and Bank of America continued to report the inaccurate information.

99. In turn, Transunion re-reported the inaccurate information, thus violating its duty to follow reasonable procedures to assure maximum possible accuracy under 15 U.S.C. § 1681e(b) when preparing a consumer report.

100. Transunion, Specialized Loan Servicing, and Bank of America, upon receipt of Plaintiff's dispute, failed to conduct an investigation or reinvestigation with respect to the disputed information as required by 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

101. Due to Transunion's, Specialized Loan Servicing's, and Bank of America's failure to reasonably investigate, they further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

102. Tranunion's, Specialized Loan Servicing's, and Bank of America's continued inaccurate, misleading, and derogatory reporting was knowing and willful, in light of their knowledge of the actual error. Plaintiff is, accordingly, eligible for

statutory damages.

103. Also as a result of Transunion's, Specialized Loan Servicing's, and Bank of America's continued inaccurate, misleading, and derogatory reporting, Plaintiff has suffered actual damages, including without limitation, fear of credit denials, out-of-pocket expenses in challenging the inaccurate reporting, damage to Plaintiff's creditworthiness, and emotional distress.

104. By inaccurately reporting consumer information after notice and confirmation of their errors, Transunion, Specialized Loan Servicing, and Bank of America failed to take the appropriate measures as required under 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

## Plaintiff's damages

105. In addition to Plaintiff's creditworthiness being negatively impacted, Plaintiff suffered emotional distress and mental anguish as a result of Defendants' actions described herein. In addition, Plaintiff incurred out-of-pocket costs and time in attempts to dispute Defendants' actions. Plaintiff further suffered humiliation and embarrassment.

## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681

106. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

107. The foregoing acts and omissions constitute numerous and multiple willful, reckless, or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C § 1681, et seq.

108. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendants.

109. As a result of each and every negligent noncompliance of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Defendants.

**Prayer for relief**

110. Plaintiff prays that judgment be entered against Defendants, and Plaintiff be awarded damages from Defendants, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1);
- An award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);
- An award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1); and
- Any other relief that this Court deems just and proper.

///
///
///
///
///
///
///
///
///
///

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

**Jury Demand**

111. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: May 16, 2022.

Respectfully submitted,

**Kind Law**

 /s/ Michael Kind
Michael Kind, Esq.
8860 South Maryland Parkway, Suite 106
Las Vegas, Nevada 89123

**Freedom Law Firm**

 /s/ George Haines           .
George Haines, Esq.
8985 S. Eastern Ave., Suite 350
Las Vegas, Nevada 89123
*Counsel for Plaintiff Kathleen Spain*